1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STACY B.,

                  Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

                  Defendant.

CASE NO. C20-5457-BAT

**ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING FOR FURTHER PROCEEDINGS**

13

14

15

16

17

18

     Plaintiff appeals the ALJ's decision finding him not disabled. The ALJ found cervical degenerative disc disease, lumbar degenerative disc disease, status post-1993 fusion surgery, left knee abnormality, status post-arthroscopic surgery, and recurrent major depressive disorder are severe impairments; Plaintiff has the residual functional capacity (RFC) to perform light work with additional limitations; and Plaintiff cannot perform past relevant work but is not disabled because he can perform other jobs in the national economy. Tr. 16-27.

19

20

21

22

23

     Plaintiff contends the ALJ erred by failing to find Plaintiff's status post-inguinal hernia pair is a severe impairment at step two, failing to evaluate three medical opinions, failing to give valid reasons to discount Plaintiff's testimony, crafting a deficient RFC, and making erroneous step five findings. Dkt. 22. As discussed below, the Court **REVERSES** the Commissioner's final

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION
AND REMANDING FOR FURTHER PROCEEDINGS - 1

1  decision and **REMANDS** the matter for further administrative proceedings under sentence four

2  of 42 U.S.C. § 405(g).

3  **DISCUSSION**

4        The Court may set aside the Commissioner's denial of Social Security benefits only if the

5  ALJ's decision is based on legal error or not supported by substantial evidence in the record as a

6  whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

7    **A.  Step Two**

8        At step two, a claimant must make a threshold showing that his medically determinable

9  impairments significantly limit his ability to perform basic work activities. *See Bowen v. Yuckert*,

10  482 U.S. 137, 145 (1987); 20 C.F.R. § 404.1520(c). To establish a severe impairment at step

11  two, the condition "must result from anatomical, physiological, or psychological abnormalities

12  that can be shown by medically acceptable clinical and laboratory diagnostic techniques.

13  Therefore, a physical or mental impairment must be established by objective medical evidence

14  from an acceptable medical source." 20 C.F.R. § 404.1521. Plaintiff carries the burden of

15  proving an impairment is disabling; a statement of symptoms is insufficient. *Miller v. Heckler*,

16  770 F.2d 845, 849 (9th Cir. 1985).

17        Plaintiff argues the ALJ erred in finding his status post-inguinal hernia repair not severe

18  at step two. The ALJ found Plaintiff's "hernia was treated with only conservative measures, and

19  a surgical specialist noted he was not a candidate for surgery." Tr. 19. The ALJ also addressed

20  Plaintiff's hernia impairment at step four. *See* Tr. 22 ("In May 2017, the claimant presented to

21  the Emergency Department with gradual onset of a hernia, which was exacerbated while lifting a

22  heavy backpack."); *id.* at 23 ("Treatment notes from October 2017 show that the claimant

23  complains of right groin pain and point tenderness near a prior surgical scar from hernia repair

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION
AND REMANDING FOR FURTHER PROCEEDINGS - 2

1   surgery 15 years ago, but imaging showed no evidence of recurrent hernia."); *id.* ("Although he

2   has been referred to surgical specialist for evaluation of whether he should undergo surgery for

3   his groin pain, surgeons have stated he is not a surgical candidate. Imaging has also generally

4   remained unremarkable and treating providers have continued to recommend only conservative

5   treatment.") (internal citations omitted).

6        Plaintiff argues the record shows he suffered from pain in the groin area but the records

7   upon which he relies are from the time period before the alleged onset of disability. Plaintiff's

8   reliance upon records prior to the onset date cuts against his argument that the pain was a

9   disabling limitation. Because the ALJ discussed Plaintiff's hernia in determining Plaintiff's RFC,

10  and Plaintiff has not shown the discussion is erroneous, any error committed at step two is

11  harmless. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (the failure to address an

12  impairment at step two is harmless if the RFC discussed it at step four). The Court accordingly

13  concludes the ALJ did not harmfully err at step two.

14  **B.  Medical Opinions**

15       Plaintiff argues the ALJ erred by failing to address three medical opinions regarding his

16  physical and mental impairments.

17  *1.      Dennis Kim, M.D.*

18       Dr. Kim examined Plaintiff on November 5, 2013, diagnosed, among other things,

19  moderate "muscular RLQ pain," and assessed Plaintiff is capable of light work. Tr. 738 – 39. Dr.

20  Kim estimated, with treatment, Plaintiff's limitation would persist for six months. *Id.* at 739.

21  Plaintiff argues "the ALJ decision failed to weigh Dr. Kim's opinion." Dkt. 22 at 6. The Parties

22  do not dispute the ALJ did not weigh Dr. Kim's opinion. However, the Commissioner responds

23

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION
AND REMANDING FOR FURTHER PROCEEDINGS - 3

1  "Dr. Kim's assessed limitations were entirely consistent with the residual functional capacity

2  finding," and Plaintiff failed to show harmful error. Dkt. 23 at 7.

3      Plaintiff bears the burden of showing the ALJ harmfully erred. *See Molina v. Astrue*, 674

4  F.3d 1104, 1111 (9th Cir. 2012). Here, Plaintiff's argument provides a conclusory statement the

5  ALJ erred, without elaboration. *See generally Carmickle v. Commissioner*, 533 F.3d 1155, 1161

6  n.2 (9th Cir. 2008) (declining to address issues not argued with any specificity). Moreover, as the

7  Commissioner correctly argues, Dr. Kim's finding of limitations is consistent with the RFC. In

8  specific, Dr. Kim opined Plaintiff could perform light work, which is consistent with the RFC

9  determination. Plaintiff thus falls far short of meeting his burden to show the ALJ harmfully

10  erred and the Court accordingly affirms the ALJ's treatment of Dr. Kim's opinion.

11      ***2.      Dana Harmon, Ph.D.***

12      Dr. Harmon evaluated Plaintiff on December 3, 2013, diagnosed, among other things,

13  moderate recurrent major depressive disorder, and assessed Plaintiff has moderate limitations

14  pertaining to his ability to perform scheduled activities, adapt to changes in a routine work

15  setting, communicate and perform effectively in a work setting, complete a normal work day and

16  work week without interruptions from psychologically based symptoms, and maintain

17  appropriate behavior in a work setting. Tr. 749–750. Plaintiff argues "the ALJ decision failed to

18  weigh Dr. Harmon's opinions." Dkt. 22 at 7. Once again, the Parties do not dispute the ALJ did

19  not weigh Dr. Harmon's opinion. The Commissioner defends the ALJ's decision arguing

20  "Plaintiff does not meaningfully address the fact that the ALJ already accommodated limitations

21  more restrictive than those included in Dr. Harmon's opinion" and that Plaintiff failed to show

22  harmful error. Dkt. 23 at 8.

23

1    However, Dr. Harmon assessed moderate limitations regarding Plaintiff's functioning

2    that were not addressed by the ALJ and are inconsistent with the RFC – including Plaintiff's

3    ability to complete a workday. The Court therefore cannot find that the ALJ committed harmless

4    error in rejecting to weigh Dr. Harmon's opinion. *See* SSR 96-8p, 1996 WL 374184, at \*7 (Jul.

5    2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the

6    adjudicator must explain why the opinion was not adopted.").

7         ***2.        Louis Enkema, M.D.***

8         Dr. Enkema evaluated Plaintiff on March 17, 2016, diagnosed several moderate and

9    marked impairments, and assessed Plaintiff as "[s]everely limited," that is, "[u]nable to meet the

10   demands of sedentary work." Tr. 790–91. Plaintiff argues "the ALJ opinion failed to weigh Dr.

11   Enkema's opinions." Dkt. 22 at 7. Again, the Parties do not dispute the ALJ did not weigh Dr.

12   Enkema's opinion. Again, the Commissioner argues Plaintiff has failed to show harmful error.

13   Dkt. 23 at 8.

14        Dr. Enkema assessed limitations that are significantly at odds with the RFC. Dr. Enkema

15   opined Plaintiff's moderate and marked impairments would affect, respectively, "physical

16   activity" and "all work." Tr. 791. Dr. Enkema concluded that Plaintiff could not even perform

17   sedentary work. Nevertheless, the ALJ found Plaintiff could perform light work, subject to

18   further limitations. While the "final responsibility" for decision issues such as an individual's

19   RFC "is reserved to the Commissioner,"  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2),

20   404.1546(c), 416.946(c), that responsibility includes "translating and incorporating clinical

21   findings into a succinct RFC." *Rounds v. Comm'r*, *SSA*, 807 F.3d 996, 1006 (9th Cir. 2015)

22   (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)). Here, the ALJ

23   harmfully erred by failing to consider – and in turn, translate and incorporate – Dr. Enkema's

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION
AND REMANDING FOR FURTHER PROCEEDINGS - 5

1    findings. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("The ALJ must

2    consider all medical opinion evidence."); SSR 96-8p.

3       **C. Plaintiff's Testimony**

4       Where, as here, an ALJ determines a claimant has presented objective medical evidence

5    establishing underlying impairments that could cause the symptoms alleged, and there is no

6    affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to

7    symptom severity by providing "specific, clear, and convincing" reasons supported by

8    substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).

9       Plaintiff testified as to his physical and mental impairments. Regarding Plaintiff's

10   physical impairments, the ALJ indicated Plaintiff testified "that he suffers from severe back

11   problems, stenosis and nerve impingement, all of which affects his ability to perform most

12   physical tasks. He also reported problems with his left knee, which limits his ability to bend,

13   stoop or stand for significant durations." Tr. 22. The ALJ indicated Plaintiff "testified that he

14   needs to lay down periodically throughout the day for pain relief" and "endorsed little

15   improvement with physical therapy." *Id*. The ALJ also indicated Plaintiff "testified that he

16   suffers from mental impairments, including depression. He reported that he is undergoing

17   treatment for his mental impairments, and endorsed symptoms including memory problems and

18   difficulty interacting with others." *Id*.

19      The ALJ first discounted Plaintiff's testimony as inconsistent with the medical evidence.

20   Tr. 22-24.  However, because the medical evidence must be reassessed, as described above, so

21   too must Plaintiff's testimony. The ALJ next discounted Plaintiff's testimony as inconsistent

22   with his daily activities. *Id.* at 24. Substantial evidence does not support this finding. The ALJ

23   cites minimal activities, such as Plaintiff's bathing himself, "handl[ing] his personal care," and

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION
AND REMANDING FOR FURTHER PROCEEDINGS - 6

"car[ing] for a young child," *id*. at 22, 24, that do not undercut Plaintiff's claims. *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled.") (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)); *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (noting that a disability claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits). The ALJ accordingly erred by discounting Plaintiff's testimony.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

Because the ALJ misevaluated the medical evidence and Plaintiff's testimony, the ALJ will necessarily need to determine whether the RFC needs to be adjusted and whether new step five findings must be made. For this reason, the Court need not address Plaintiff's assignments of errors regarding the RFC and step five. On remand, the ALJ shall reevaluate the medical opinions of Drs. Enkema and Harmon and Plaintiff's testimony; reassess and develop the record the RFC as needed; and proceed to the remaining steps as appropriate.

DATED this 23rd day of February 2021.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION
AND REMANDING FOR FURTHER PROCEEDINGS - 7